# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:09cr105 |
| | ) | **Electronic Filing** |
| RUBEN M. MITCHELL | ) | |

## MEMORANDUM OPINION

Presently before the court are "post-judgment" motions defendant filed in the wake of this court's denial of his Amended and Supplemental Motion to Vacate pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motions will be denied.

On August 16, 2017, the Clerk of Court received Ruben M. Mitchell's ("defendant" or "movant") "Motion for Leave to file an Amended and Supplemental Motion" to vacate pursuant to 28 U.S.C. § 2255. See Doc. No. 2636. In accordance with Rule 4(a) of the Rules Governing Section 2255 Proceedings, the Clerk docketed the motion into the record at the above criminal number. That criminal docket was at the time assigned to the undersigned, who was the presiding judge at defendant's trial and sentence.

In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, this member of the court promptly examined defendant's amended motion. The motion was not dismissed at that juncture. On October 12, 2017, this member of the court ordered the government to file a response to the motion, which it did on October 31, 2017. Defendant filed a rely on November 30, 2017.

Defendant grew impatient with the lack of an immediate ruling on his motion for leave and filed a declaration on August 6, 2018, complaining that a final disposition had not been entered on the motion. He sought a writ of mandamus from the United States Court of Appeals on January 2, 2019. On January 15, 2019, he filed a "second request for final disposition of § 2255 motion" with this court. In that request he highlighted a prominent theory that he continues

to pursue: that the "single predicate offense" supporting his 21 U.S.C. § 851 enhancement was and remains insufficient because that conviction had been vacated. Second Request for Final Disposition of § 2255 Motion (Doc. No. 2728).

After a review of the record on March 6, 2019, this member of the court granted defendant's motion for leave to file his Amended and Supplemental Motion. See Doc. No. 2736. The Clerk was directed to file his proposed motion (Doc. No. 2636-1) as defendant's amended motion. The government was then ordered to file its responsive submissions to the motion by April 12, 2019. In accordance with standard court policy, the Clerk then opened a civil action at 2:19cv246. Consistent with these rulings, defendant's pending motion for "Final Disposition of His Motion Pursuant" to § 2255 was granted to the extent it sought an orderly disposition of his amended and supplemental motion and denied in all other aspects. See Order of March 7, 2019 (Doc. No. 2737).

The substance of defendant's amended motion involved the issue of whether defendant's prior offense of conviction qualified as a predicate offense under 21 U.S.C. § 851. This member of the court initially considered that issue pursuant to defendant's related avenues of attack prior to and at sentencing. Defendant also had made clear his desire for a prompt disposition of the amended and supplemental motion. In order to accommodate defendant's request for a prompt and orderly disposition, an Order was entered on March 7, 2019, reassigning defendant's motion and the concomitant civil action to Judge Ambrose for all further proceedings. See Order of March 7, 2019 (Doc. No. 2740). This assignment also had the salutary effect of permitting review of an issue extensively reviewed by the trial judge through a new set of judicial eyes. See 1976 Advisory Committee Notes to Rule 4 of the Rules Governing Section 2255 Proceedings (noting the criticism of Rule 4's default assignment to the trial judge and quoting sections from

DEVELOPMENTS IN THE LAW – FEDERAL HABEAS CORPUS, 83 Harv. L Rev. 1038, 1206-1208 (1970)).

Defendant filed additional submissions in support of his motion on April 24, 2019, and April 30, 2019. He did not challenge or otherwise contest the validity of the transfer to Judge Ambrose in any of his submissions. The government filed its response and supporting submissions to the amended and supplemental motion on April 12, 2019. See Doc. No. 2751.

On May 10, 2019, Judge Ambrose issued an Opinion and Order denying defendant's amended and supplemental motion. See Doc. No. 2755. In doing so she treated defendant's motion as timely with regard to the issue of whether California's Proposition 47 had the effect of rendering defendant's predicate offense invalid for purposes of a § 851 enhancement. Id. at 2, 3-4. She held that the other avenues of attack being advanced by defendant were beyond the scope of review because the United States Court of Appeals for the Third Circuit had concluded on direct appeal that although defendant's prior predicate offense had been set aside pursuant to Cal. Penal Code § 1203.4, the offense nonetheless counted as a prior conviction for purposes of 21 U.S.C. §§ 841 and 851. Id. at 3. With regard to the effect Proposition 47 could have had on defendant's prior predicate offense, Judge Ambrose keenly observed that the same issue was raised and considered in co-defendant Anthony London's appeal where the Third Circuit held that re-classification under Proposition 47 had no effect on the underlying predicate offense's lawfulness, and thus the defendant remained subject to a § 851 enhancement. Id. at 4 (quoting United States v. London, 747 F. App'x 80, 85 (3d Cir. 2018)). Judge Ambrose transferred defendant's case back to this member of the court on the same date.

Defendant filed a supplemental brief in support of his amended and supplemental motion which was received and placed on the court's docket on May 14, 2019. See Doc. No. 2758. This member of the court then reviewed the record, defendant's supplemental brief and the opinion

3

and order of May 10, 2019.  After that review this member of the court entered a Memorandum Order on May 17, 2019, reaffirming the May 10, 2019, opinion and order in its entirety.  See Doc. No. 2759.

Defendant appealed the May 10 Order, and subsequently filed three motions with this court: a Motion to Have Court Make Additional Findings [2760], a Motion to Alter or Amend Judgment [2761], and a Motion for Clarification [2762].  The Court of Appeals stayed defendant's appeal pending resolution of these pending motions.  They will be addressed seriatim.

Defendant's motion seeking additional findings requests a finding that his prior conviction had been set aside, and thus is nullified.  He points to cases in which the Supreme Court "recognized an obvious exception to the literal language of the statute for one whose predicate conviction had been vacated or reversed on direct appeal."  Dickerson v. New Banner Inst., 460 U.S. 103, 115, 103 S. Ct. 986, 993 (1983).  But these cases have no bearing on defendant's situation.  His case involves a state court action pursuant to Cal. Penal Code § 1203.4, and not appellate action.  The appropriate disposition for this action already has been determined and that determination has become final.  And Proposition 47 cannot change the result.  Defendant's Motion for Additional Findings will be denied for all of the reasons stated in this court's and the Third Circuit's previous opinions and orders on these matters.

Defendant's Motion to Alter or Amend Judgment takes issue with the transfer of this matter between judges; he posits that the court violated Local Civil Rule 40(G) and that he has been prejudiced by a delay and a form of "judge shopping" in the selection of Judge Ambrose.  Generally speaking, courts have the discretion to manage their caseloads, including assignment and reassignment.  Case assignment rules exist for internal management purposes, and to further "judicial economy, order, and convenience, rather than to control a judge's authority to hear a

case." Cf. Vreeland v. Schwartz, 613 Fed. Appx. 679, 682 (10th Cir. 2015) ("The local rule [defendant] cites, Colo. L. Civ. R. 40.1(c)(1), plainly is designed to further judicial economy, order, and convenience rather than to control a judge's authority to hear a case."). This is further confirmed by the well-established principle that "litigants do not have a right to have their case heard by a particular judge, have no right to a particular judge-selection procedure, and do not have a right to a randomly selected judge." In re Brown, 577 F. App'x. 89, 90 (3d Cir. 2014).

Here, defendant's case was transferred to Judge Ambrose for internal case management reasons, and neither a review of the record nor defendant has uncovered any cognizable impropriety or harm resulting from that "reassignment." And any specter of doubt as to the merits of the disposition is eliminated by this member of the court's independent review and reaffirmation of the May 10, 2019, opinion and order in its entirety.[1] In short, all that has occurred is that this member of the court exercised the inherent authority under Rule 4(B) of the Supplemental Rules to effectuate a transfer for the purpose of granting defendant an expedient and orderly disposition of his amended and supplemental § 2255 motion. See 1976 Advisory Committee Notes to Rule 4(b) of the Supplemental Rules and the authority cited therein.

Moreover, Local Rule 40(G) has no application to the situation at hand. The Rule prohibits the reassignment of civil actions if "1) the action has already been transferred from one Judge to another, 2) the action has been pending for more than two years; or 3) there are dispositive motions pending." None of these precursor events occurred in this case. Defendant's Motion for leave was docketed into the record on August 16, 2017. A corresponding civil action was created when this member of the court granted defendant's motion for leave to file the amended and supplemental § 2255 motion, and the first "transfer" of that civil action occurred when the civil action was transferred to Judge Ambrose. Thus, the undesirable multi-occurrence

---

[1] Today's disposition documents the second occurrence of this event.

case-transferring that Local Rule 40(G) is designed to curb among the members of this court had not been brought into play and the transfer to Judge Ambrose did not violate Local Rule 40(G).

Finally, defendant seeks clarification of this Court's May 17, 2019, Order.  He raises <u>Dickerson</u> and the "obvious exception" issue already addressed, and seeks to have that argument relate back to his Motion to Vacate.  This motion must be denied for the same reasons as defendant's Motion to Have the Court Make Additional Findings: defendant's case involves a state court action pursuant to Cal. Penal Code § 1203.4, and not appellate action.  The appropriate disposition for this action already has been determined and that determination has become final.  And Proposition 47 cannot change the result.  Consequently, defendant's Motion for Clarification likewise must be denied.

For the reasons set forth above, defendant's post-ruling motions will be denied, the opinion and order of May 10, 2019, as augmented to date will be reaffirmed in its entirety and the concomitant request for a certificate of appealability will be denied.  An appropriate order will follow.

<u>Date: January 13, 2020</u>

<u>s/David Stewart Cercone</u><br>
David Stewart Cercone<br>
Senior United States District Judge

cc:    Ross E. Lenhardt, AUSA
       Michael Leo Ivory, AUSA

       (*Via CM/ECF Electronic Mail*)

       Ruben M. Mitchell
       Fed. Reg. No. 10954-023
       Federal Prison Camp Herlong
       P.O. Box 800
       Herlong, CA 96113

(*Via Regular U. S. Mail*)